All right, we will call our next case this morning, case number 24-1438 Zynex Medical v. Coyote Stone. Okay, looks like we've got our counsel here. All right, Mr. Rylander, you may proceed when you're ready. Yes, Your Honor. May it please the court, I'm Curt Rylander on behalf of Coyote Stone LLC. I'd like to reserve two minutes of my time for rebuttal. Your Honors, it is the position of Coyote Stone that the order of the magistrate in the district court should be reversed with instructions to dismiss the petition. There are a lot of meaty issues in this briefing, in this case, but we think the most straightforward path to reversal is that Zynex admitted that the targeted witness was Bob Town and admitted Bob Town has not been served. And the magistrate seemed to agree with that. In page two of the magistrate's order, he indicates that the 30B6 style October subpoena called for both Coyote Stone and Bob Town to appear with a corporate designee to produce documents and testify. And the magistrate at the last page said the parties agree that service has not been completed. Since there was never a dispute that Coyote Stone was served, that can only be referring to Bob Town. Thus, the magistrate and the parties all agree Bob Town was the targeted witness and was never served, not served with a subpoena and not served with the complaint. The court has no personal jurisdiction over the witness that was intended by the subpoena. I can understand that Zynex may argue, well, we also intended Coyote Stone to be a witness. There's some problems with that, Your Honors. Section seven and rule 45 both contemplate calling a person, which can be a juristic entity possibly, to appear at an evidentiary hearing. Rule 45, however, says that person must be identified with particularity. When you say in your subpoena that's directed to a person as well as a company and then say that another person should testify, in this case, they directed it to Bob Town and Coyote Stone, but then said Michael Fribroda should testify or other. That seems to be a different argument that you had in your briefs about the ambiguity and such in the subpoena. But let me make sure I understand your argument about the lack of personal jurisdiction and its significance here over Bob Town. If he had not been named in the subpoena, if it had just been directed to Coyote Stone, you agree that Coyote Stone here, there's personal jurisdiction over Coyote Stone, right? No, Your Honors, because we believe that the combination of section seven and rule 40.5 does not result in nationwide personal jurisdiction. Okay, so that would require us to endorse that argument, right? Yes, Your Honors. I understand. And to the extent the court wants me to address that, I can do that as well. Our argument on that is very straightforward. I am aware of the court's decision in the PA which involved ERISA, and that is exactly the point, which is that when it's a subject matter conferring statute that provides for national service of process, such like ERISA or civil RICO, that there's not really a problem with nationwide personal jurisdiction. Here, the FAA is not a subject matter conferring jurisdiction. It's here merely by diversity. And while in diversity cases we use subpoenas all the time for nationwide services subpoenas, I certainly do it in patent litigation, that doesn't confer personal jurisdiction on those people. So we don't believe the combination of the FAA, which doesn't provide for personal jurisdiction, doesn't provide for subject matter jurisdiction, we don't believe somehow the combination of that with the 2013 amendments to Rule 45 creates nationwide personal jurisdiction. So you don't want us to follow the Eleventh Circuit's approach? No, Your Honor. I do not want you to follow the Eleventh Circuit. So let me ask you, and certainly my colleagues may have more questions about this specific argument, but let me just ask you, if we were to reject your argument contra the Eleventh Circuit and instead follow the Eleventh Circuit's approach in managed care, what is left of your argument, your personal jurisdiction argument? So in other words, we don't follow the managed care approach. We recognize there was no personal jurisdiction over Bobtown, but there is personal jurisdiction over Coyote Stone. What happens next? That ends the personal jurisdiction argument, Your Honor, with the exception that we don't believe a Rule 30b-6 style subpoena can be enforced for an evidentiary hearing. Okay. So let me ask you a question about that. Why should we assume that this subpoena is some sort of a prohibited subpoena in the context of the FAA? It says it's for an arbitration hearing. It's directing the presentation of testimony by a witness and documents. It satisfies the presence requirement. The arbitrator is going to be there. So I guess I'm not understanding why we should construe this as some sort of a prohibited discovery, pretrial discovery subpoena when it on its face contemplates otherwise. Well, Your Honors, I respectfully disagree that on its face it contemplates otherwise, because on its face it looks exactly like a Rule 30b-6 notice. It calls at least both Bobtown and the company. Let's assume we excise Bobtown out. It just calls the company. It asks for the corporate designee to testify. Well, the only place in the Federal Rules of Sale procedure that exists is Rule 30b-6, and I've used it, frankly, numerous times. But you can't use it for a trial subpoena. You can't use it for an evidentiary hearing. It's only for pretrial discovery. And Section 7 of the FAA does not allow for pretrial discovery of nonparties. Counsel, can I ask you about going back to personal jurisdiction, and Coyote Stone in particular? As I understand it, they were properly served, Coyote Stone, the complaint through the summons, right? That is correct, Your Honor. Okay. So why doesn't that confer personal jurisdiction over Coyote Stone? Because there's no evidence they've ever been in the state of Colorado. There's no evidence the state of Colorado has any personal jurisdiction over Coyote Stone. They've been tagged with the service. I mean, just because you've been served with a complaint and summons doesn't mean that you can't challenge the personal jurisdiction because there's not minimum contacts. But certainly if you haven't been served, there is definitely no personal jurisdiction. Okay. So the Rule 45 argument about nationwide service as it relates to Coyote Stone is not necessarily applicable. What you're arguing with Coyote Stone has to do with minimum contacts. Well, what we argue, Your Honor, is you do have to have minimum contacts if there's no nationwide personal jurisdiction. That is correct, Your Honor. Your Honor, another issue that we have is, you know, I've addressed the Rule 30b-6. The only case we were able to find on the issue, I mean, there's lots of cases that say you can't use Rule 30b-6 for purposes of a trial subpoena or an evidentiary hearing. The only case directly on point, and we cited in our brief, we cited it to the magistrate as well. He apparently didn't read it, was a Southern District of New York trial court case. This issue was actually looked at by the judge in the Southern District of New York, and he said, no, you can't do a 30b-6 style arbitration subpoena under Section 7. So, again, just going back to that, I mean, what is it about this subpoena that counsels, let's assume that a 30b-6 style subpoena is a prohibited thing in this context. Let's just assume that is so. I'm not totally sure that's right, but let's just assume it is for purposes of the argument. What on the face of this subpoena should direct us to conclude that it is a pretrial subpoena? I mean, I pointed out some of the factors that don't favor your reading, and the most obvious one to me on its face is that it is calling for testimony and evidence at an arbitration hearing. Perhaps I apologize for my lack of clarity, Your Honor. I definitely believe they are trying to use this as a trial subpoena for the hearing, and our argument is that this is clearly a 30b-6 style subpoena, which you cannot use under Rule 45 for an evidentiary hearing. So your position is despite what it says, it's actually something else, right? Well, our position is that it is what it says. It's calling for a company's corporate designee to testify at an evidentiary hearing, and we're saying you can't do that under Rule 45. Now, another issue we brought up, Your Honors, and we found no case law on this at all, was Section 4. This is a case where there was a petition to compel arbitration, and that petition was granted, and that was granted by the District of Colorado, and under Section 4, the unambiguous language is that the hearing and proceeding shall be in the District of Colorado. The magistrate, and we pointed out that having a hearing in Vancouver violates Section 4. The magistrate— Can an arbitrator sit in more than one place? There's some open question on that, Your Honor. There seems to be a body of law that says the arbitrator is sitting wherever the arbitration is being— where the basis of the arbitration is being administered. That doesn't seem to rule out the idea that the arbitrator might have a hearing other than where he's normally sitting, but that lends to really crazy outcomes if you take into account issues in Rule 45. So there's one argument that you raised. I want you to help me understand it. It seems that one of the many arguments that you are advancing in support of reversal here is that this hearing was set to occur in front of a magistrate— or, sorry, in front of the arbitrator in Vancouver. The arbitrator was sitting in Vancouver for purposes of this hearing, and so the court under Section 7 that had the authority to compel your attendance was not the District of Colorado but was District Court in Washington. Am I understanding your argument correctly? You are understanding our argument correctly. It is a—because— Help me understand why that is so, and let me just add a couple of points. It seems that the facts here show there's one arbitrator, right? There's just one individual arbitrator here.  And the seat of arbitration is the District of Colorado. That's where the Section 4 petition was granted, right? That is correct, Your Honor. And so we would have to—in order to endorse your argument, we would have to agree that an arbitrator can sit in more than one place. Isn't that right? Yes. I believe that is correct, Your Honor, but that raises a question. If the arbitrator is in Vancouver having a hearing, is he not sitting there when he's doing it? This is an unexplained area of the Federal Arbitration Act. The whole issue about having multiple arbitration hearings when Section 4 contemplates just one is really unclear. Is he sitting where he's holding a hearing? Is one of your arguments that it was the Section 7 petition was filed in the wrong court, is that one of your arguments? Not exactly, Your Honor. Help me understand that. Our argument is that he could not do a hearing in Vancouver at all because that would make him sitting in Vancouver, which would make the petition filed in Colorado to be incorrect.  So your position is an arbitrator can't sit in more than one place. My position is if—the position of Coyote Stone, Your Honor, is that it's two-part. First, in a Section 4 controlled case, because it only applies when there's been a petition to compel the arbitration, in a Section 4 compelled case, the arbitrator can only sit and only hold hearings in that district. So when it's not a Section 4 controlled case, because it doesn't have to be. You can use FAA Section 7 when Section 4 is not invoked. In a non-Section 4 case, the arbitrator can sit in more than one location, and when it's in the other locations, it has to follow the rules there, which means that's where the enforcement has to be, and that's where emotional quash has to be. Counsel, can I ask you questions about your objections that you wanted to submit to the district court? And even if the district court was wrong, let's assume that they were, that they had no authority to review your objections, it would seem they have discretion whether or not to review the objections or to kick it to the arbitrator. So, you know, must the district court exercise that discretion, or why isn't being able to submit objections to the arbitrator sufficient? Because we're using federal statute to enforce that subpoena's attendance. If it's a private arbitration, well then, yes, the only person who gets to hear those objections is the arbitrator. But since you are now using federal law, using Rule 45 to force someone to a hearing not of their choice in a fight that they're not a part of, then I believe in that case there must be an avenue of judicial review. I do want to add one thing, Your Honor, before my time runs out. Apparently my, is this my rebuttal time I'm going through? No, okay, good. I do want to say, this was not raised by Zinex, and we didn't specifically say it in our brief either, but we believe Coyote Stone is within the zone of interests to be protected by Section 4, or more specifically, the Federal Arbitration Act as a whole. We believe it should be interpreted as a whole. Section 2 creates enforceability of agreements. Section 4 says you can petition to enforce the agreements, and that's where the hearing has to be. Section 5 provides for appointment of the arbitrators for that hearing, and Section 7 provides for getting witnesses to that hearing. So we believe if you read the Federal Arbitration Act as a whole, that Coyote Stone clearly falls in with the zone of interest to be protected by the act. Is that in service of what, responding to what the district court described as perhaps a standing problem? That is, you're right. I was puzzled, I was frankly puzzled, Your Honor, at the district court's decision on that, because I remember Lucas v. South Carolina Council, which came out when I was in law school. So I know the general standing doctrine fairly well, and it's like this clearly applies to my client, because this is definitely an injury, and it's caused by this. It's a hearing they don't want to go to. So I then cast about, oh, maybe he's suggesting, without using the language, that Coyote Stone is not within the zone of interest of Section 4. So I did want to address that if the court was going to ask any questions about it. Thank you, counsel. Thank you. Ms. Plunton? Good morning, and may it please the court. So I just wanted to address first the issue of Section 4 and Section 7 and how the interplay between them. So I think that the court should absolutely affirm the district court's ruling in that Section 4 and Section 7 have completely different purposes. And if you look at Section 4, you can see it from the first sentence. It says, a party aggrieved by the failure of another to arbitrate under a written agreement may petition for enforcement of that agreement. It's simply not at all related to the type of relief and the purpose of Section 7. If you keep going in Section 4.2, it discusses the court shall hear the parties, that those are the parties to the arbitration. And then it says that the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. There's nothing. How about the next sentence? The next sentence says, the hearing and proceedings under such agreement shall be within the district in which the petition for an order directing such arbitration is filed. I'm struggling with how to read that sentence as not suggesting that here, the proceeding needed to be in or the hearing that the subpoena speaks to needed to be in the District of Colorado, which is where the arbitration was filed. Yes, I understand your question. So the arbitration is taking place in Colorado. It's in accordance with this Section 4. The proceedings and the seat of the arbitrator is indeed in Colorado. But there's no reason that the arbitrator cannot have a portion of the hearing somewhere else, especially where the parties to the arbitration did agree to that. And there's case law that supports this idea. No court has found that the arbitrator is not allowed and the parties are not allowed to choose to hold a hearing somewhere else for purposes of obtaining this testimony under Section 7. Okay. So if I understand your position, it's that because the language of Section 4 incorporates the parties' agreement, and here Zinex's arbitration protocols suggest that the arbitrator gets to decide where the hearing is held, right? Am I right so far? Yes, that's correct. So this sentence incorporates your agreement, right? So if the arbitrator in this case decides with the agreement of the parties authorized by Section 4 to have a hearing in Vancouver, is he sitting in Vancouver for purposes of the hearing that you're having there? The arbitrator, the seat of the arbitration remains the same. It remains Colorado. Why? Right. So, no, I would not say that for purposes of Section 7, the arbitrator is sitting in Washington. The arbitrator is simply exercising his authority, right, as the presider over the arbitration to conduct an evidentiary hearing for purposes of obtaining his testimony, which is exactly what Section 7 contemplates. It requires an in-person hearing. We set an in-person hearing. It requires the parties to appear before the arbitrator in a sort of an evidentiary rather than a discovery setting. So that's exactly what happened here. So then help me understand the language in Section 7 that speaks to which court is the one that can, that has the authority to order a party to compel a party to comply with the  I mean, it says, upon petition, the United States District Court for the district in which such arbitrators or a majority of them are sitting may compel. So your position is that notwithstanding the fact that there is a hearing in Vancouver in which the arbitrator is present, the arbitrator is still sitting in the District of Colorado. My question is, did you file this in the wrong court? I understand your question. We did not file this in the wrong court. The Stolt-Nielsen case I think is very instructive on this point. We cited that in our brief. The arbitration is being conducted in Colorado. It is simply a hearing that is taking place in Washington, and that's under Section 7. There's nothing in Section 7 that prohibits the arbitrator from holding a hearing in another state, because the arbitration is still taking place here in Colorado. What is happening in Colorado? If Mr. Furboda is in Vancouver, and the evidence you want from Coyote Stone is in Vancouver, and Zynex is going to show up in Vancouver, then what's happening in Colorado? The arbitration is happening in Colorado. We have a Colorado-based… What does that mean exactly? If all the parties are in Vancouver, and you're all getting together for this taking of evidence, and you're saying, well, it's happening in Colorado, but what is happening in Colorado? Actually, the parties to the arbitration, the respondents there are not in Colorado. They are in other states. The arbitration agreement says that Colorado is where the arbitration takes place, and in fact is where the arbitration is taking place. The arbitrator is here. They are elsewhere, but to the extent that we do eventually have our final merits hearing, it will be here in Colorado. The agreement to move the hearing to Vancouver was limited to one hearing in which the Coyote Stone evidence was to be presented, and that's it? Absolutely, that is correct. The only case law on this point supports the propriety of doing that. I don't think there's anything that suggests that you cannot do that. Section 4 is directed to something else entirely. Mr. Reilander said the clearest path to reversal is that Bobtown was never served, so there's no personal jurisdiction conferred. What's your response to that? My response to that is that there is unquestionably personal jurisdiction against Coyote Stone. Bobtown is not a party to the petition. The counsel is referring to the underlying service of the subpoena, and the district court has discretion. It is an abuse of discretion standard whether to enforce the subpoena or not. The jurisdictional analysis does not relate to Bobtown. This case that was before the district court is between Coyote Stone and Phoenix, so I think it's a non-sequitur. Counsel concedes that service was proper against Coyote Stone. You alluded to this in your response brief. Personal jurisdiction was conferred by the service of the petition through the summons, not through a Rule 45 subpoena service. I'm sorry, can you repeat that? There was a little background noise. You alluded to this in your response brief, but I think I just want to confirm I heard what I think the argument is you're making, which is there's no jurisdiction, personal jurisdiction over Coyote Stone was properly conferred when Coyote Stone was served a copy of the petition via the summons once that was filed. It has nothing to do with the service of the subpoena under Rule 45. Is that the argument you're making? That's correct, because Rule 45 confers nationwide service of process is incorporated into Section 7 and Coyote Stone was served. There's no dispute about that. Coyote Stone was served with this petition and also was served with the  There's no dispute about those two points. And if there's not another question on that, I wanted to just relatedly, the idea that this subpoena is a 30B6, it is not. These are not topics. It is not seeking a deposition. In a 30B6, as we all know, you're looking for someone to be prepared to testify about topics. The Exhibit A of the subpoena is about documents, and it says specifically it's a request for documents. It is not a request under 30B6. Well, it requests a corporate designee. It requests a corporate representative as a witness to come to the hearing and bring documents. Because, obviously, it is a Coyote Stone, which is an entity that we seek to get the testimony of. There's case law cited in our brief that that is appropriate when you need a corporation to testify that you would be seeking a corporate representative because a corporation obviously cannot speak other than through a  So that's what we did there. Counsel, you mentioned the Stolt-Nielsen case as supportive of your position. In that case, was the arbitration proceeding in a state different from where this evidentiary hearing was with the third party was compelled? So, yes, because the proposition in that case was that they held that the arbitrator can decide to hold a hearing somewhere other than the seat of the arbitration. So that was the same issue that we're dealing with here today. And was the issuing court, the court that was compelling compliance, located in the seat of arbitration or at the site of the hearing with the third party? The issuing court was at the seat of the arbitration, which was appropriate because that's what Section 7 requires. There's also this case, Tarone, which has been cited in the briefs, which was the flip of that. The parties were seeking to have a hearing outside of the seat of the arbitration and filed the petition in the state that was not at the seat. And the court there said, you filed it in the wrong place. You should have filed it at the seat of the arbitration. So, again, supportive of the idea that there's a seat of an arbitration, but there is also the ability to hold a hearing outside of the seat of the arbitration. There really cannot be a dispute that the arbitrator is sitting here in this Colorado arbitration and that the purpose of this hearing is to obtain that testimony and that evidence. And the parties had agreed to that. I think that's what I'm struggling a little bit with is that, you know, in order to satisfy the requirements of the FAA and Rule 45, you know, you have to have the arbitrator present. You can't just do a pretrial, you know, 30B6. I mean, you can't do that under the FAA. So you're complying with the presence requirement. On the face of the subpoena, the arbitrator is going to be there. And what that seems to suggest is that he's sitting both in Vancouver for purposes of this hearing, but he's also sitting in Colorado where the seat of arbitration is for purposes of the arbitration. And I'm just not sure that I've seen case law that speaks to that issue, that, you know, can an arbitrator sit in two places? Absolutely. I mean, Stolt-Nielsen does speak to that issue, as we've discussed. And also in Hay Group, this is a Third Circuit case, the court held that, you know, that you can have a subpoena where the non-party is called to appear in the physical presence of the arbitrator. So because you're allowed to do that, it can be, you know, anywhere else, you know, really anywhere. It doesn't change. That's what I'm struggling with, is I think you have satisfied the presence requirement. I mean, it feels to me, based on what the statute requires, this subpoena complies with that. My concern is which court is the court that is authorized under Section 7 to compel attendance? And that, I think that question depends on where the arbitrator is sitting. I agree with you. And I would ask the court to find that the arbitrator is sitting here in Colorado and follow the reasoning found in Stolt-Nielsen. May I try this another way? Would it be, you know, possible under the FAA for Zinex to have filed a Section 4 petition compelling arbitration in Colorado, but then filed a Section 7 petition to enforce the subpoena in the Western District of Washington? Because that's where this hearing was going to be. I don't believe that Zinex could have properly filed a Section 7 petition in the District of Washington because the arbitrator is not sitting in the District of Washington. And I would just, for the court's consideration, a party does not have to file a Section 4 motion to compel. So, the parties can just agree to proceed with the arbitration. It so happens that we did have to file a motion to compel here. But, you know, if we hadn't, Section 4, again, this just shows that it's really not at issue. We are simply proceeding under Section 7, which has to be read on its plain language, right? And so, I don't think that reading a conflict into the FAA is the right, you know, move for the court to make. I would suggest that it should not do that. You should read the statute as a whole. And so, to read in a conflict, I think, would be problematic. I just also wanted to quickly, well, it looks like I am out of time, but we would just rest on the remainder of the briefing and ask the court to affirm. Thank you, counsel. Thank you. I think, Mr. Rylander, you may be out of time. That's correct. Okay. Thank you both for your helpful arguments. The case will be submitted. Thank you. Colleagues, should we keep going or do you like to take a break or keep going? Keep going. Okay. All right. Okay.